UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21112-BLOOM/Elfenbein

**JASON KARPIEL**,

    Plaintiff,

v.

**FRL AUTOMOTIVE, LLC D/B/A
TOYOTA OF NORTH MIAMI**,

    Defendant.
_____/

## ORDER DENYING MOTION TO BIFURCATE DISCOVERY

**THIS CAUSE** is before the Court upon Defendant FRL Automotive, LLC d/b/a Toyota of North Miami's ("Defendant") Motion to Bifurcate Discovery and Stay Class Discovery Pending Limited Discovery on Plaintiff's Individual Consent and Contractual Agreement (the "Motion to Bifurcate" or "Motion"), ECF No. [21]. The Honorable Beth Bloom referred the Motion to me for disposition. ECF No. [31]. The Court has reviewed the Motion, Plaintiff Jason Karpiel's ("Plaintiff") Response in Opposition, ECF No. [25], Defendant's Reply, ECF No. [27], and the applicable law. Upon careful consideration, Defendant's Motion to Bifurcate, **ECF No. [21]**, is **DENIED** for the reasons set forth below.

    **I.**    **BACKGROUND**

This case arises from Defendant's alleged transmission of unsolicited telemarketing text messages and phone calls to Plaintiff, despite Plaintiff's clear opt-out request and the Defendant's acknowledgment of that request. *See* ECF No. [1] at ¶¶10–22, 38. Plaintiff alleges that Defendant employed an automated system to disseminate these messages and failed to implement or adhere to internal procedures necessary to comply with federal and state laws governing telephone solicitations. *See id.* at ¶¶10–51. Plaintiff brings this case as a putative class action on behalf of

himself and all others similarly situated. *See id*. at ¶¶2, 53–64. Plaintiff asserts four claims: (1) unlawful telemarketing to numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; (2) failure to honor opt-out requests and maintain an internal do-not-call list in violation of the TCPA, 47 U.S.C. § 227(c)(2); (3) failure to honor opt-out requests in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059(5); and (4) unlawful telemarketing to numbers without prior express written consent in violation of the FTSA, Fla. Stat. § 501.059(8)(a). *See id*. at 12–18. Plaintiff seeks statutory damages and injunctive relief on behalf of himself and multiple putative classes. *See id*. at 18.

In its Motion, Defendant requests that the Court split discovery into two phases by first allowing limited discovery focusing on Plaintiff's individual consent and contractual agreement while staying class discovery pending the outcome of that limited inquiry. Defendant argues that Plaintiff consented to Defendant's communications through his acceptance of the Kelley Blue Book ("KBB") Instant Cash Offer Program's terms and conditions (the "KBB Consent Form"). Defendant argues that Plaintiff expressly consented to be contacted by participating dealers, including Defendant, and to the terms of the KBB Consent Form, which included a binding arbitration clause and a non-severable class-action waiver. *See* ECF No. [21] at ¶1. Defendant asserts that resolution of these "threshold issues" is potentially dispositive of Plaintiff's individual and class claims. *See* ECF No. [21] at ¶¶2, 5–6, 28–31. Defendant contends that resolving these individual issues first would promote judicial efficiency, reduce litigation costs, and could end the case altogether if the Court finds that the arbitration clause binds Plaintiff or that he consented to the communications *See* ECF No. [21] at ¶¶6–7, 20–25.

Plaintiff opposes the request, arguing that bifurcating discovery and staying class discovery

is unwarranted, unsupported, and prejudicial. *See generally* ECF No. [25]. He contends that Defendant cannot rely on a consent defense based on the alleged KBB Consent Form because: (1) Defendant is not a party to that agreement and thus cannot enforce or benefit therefrom; and (2) regardless of the enforceability of the KBB Consent Form, Plaintiff's alleged consent does not eliminate the claims arising from communications made after Plaintiff opted-out. *See id.* Plaintiff argues that the Court should apply a multifactor test when evaluating whether to bifurcate discovery, as outlined in *Breines v. Pro Custom Solar LLC*, No. 19-CV-353-J-39PDB, 2019 WL 7423522, at *3 (M.D. Fla. Aug. 22, 2019). Plaintiff argues that nearly all these factors weigh against bifurcation in this case.

In its Reply, Defendant argues it is likely a third-party beneficiary of the KBB Consent Form and that binding law supports enforcement of contracts by non-signatories where the contract was clearly intended to benefit them. *See* ECF No. [27] at ¶¶ 6, 12, 14–19. The Court notes that, in its Reply, Defendant failed to address Plaintiff's claim that, even if initial consent existed, continued messages after the opt-out violated the law. Instead, Defendant's Reply focuses on whether KBB's Consent Form binds Plaintiff and whether Plaintiff initially gave consent — not whether a stop request later revoked or overrode that request. The Motion has been fully briefed and is ripe for this Court's review.

## II.     LEGAL STANDARD

Courts have "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "In the class-action context, the Court may, in the interests of fairness and efficiency, order discovery on issues of class certification while postponing class-wide discovery on the merits." *Physicians Healthsource, Inc. v. Anda, Inc.*, No. 12-CV-60798, 2012 WL 7856269, at *1 (S.D. Fla.

Nov. 27, 2012) (citing *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570–71 (11th Cir. 1992)). "The drafters of the Federal Rules of Civil Procedure similarly recognized that certification of a class may be delayed in order to conduct discovery on and dispose of a purported class representative's individual claims." *Id*. (citing Fed. R. Civ. P. 23 advisory committee's note (2003) ("The party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified."))

Generally, facial challenges to a complaint should be resolved before discovery, but only when they involve purely legal issues and do not depend on any factual development. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) (holding that fact-based motions may warrant limited discovery, but purely legal challenges should be resolved without discovery). This District's Local Rules make clear, however, that a stay of discovery pending the determination of a motion to dismiss is the exception rather than the rule. *E.g., United States ex rel. Olhausen v. Arriva Med., LLC*, No. 19-CV-20190, 2025 WL 1191019, at *1 (S.D. Fla. Apr. 24, 2025) (citing S.D. Fla. Local Rules, App. A, Discovery Practices Handbook I.D(5)); *Keegan v. Minahan*, No. 23-CV-61148, 2023 WL 4546253, at *1 (S.D. Fla. July 14, 2023) (same); *Regueiro v. Am. Airlines Inc.*, No. 19-23965-CV, 2022 WL 2359763, at *1 (S.D. Fla. Feb. 14, 2022); *Randy Rosenberg, D.C., P.A. v. GEICO Gen. Ins. Co.*, No. 19-CV-61422, 2019 WL 6052408, at *1 (S.D. Fla. Nov. 15, 2019) ("[m]otions to stay discovery pending ruling on a dispositive motion are generally disfavored in this district."); *Reilly v. Amy's Kitchen, Inc.*, No. 13-CV-21525, 2013 WL 3929709, at *1 (S.D. Fla. July 31, 2013) ("[T]here is no general rule that discovery be stayed while a pending motion to dismiss is resolved."); *Flecha v. Neighbors Moving Servs., Inc.*, 944 F. Supp. 2d 1201, 1203 (S.D. Fla. 2013); *Ray v. Spirit Airlines, Inc.*, No. 12-CV-61528, 2012 WL 5471793,

at *3 (S.D. Fla. Nov. 9, 2012).

"Generally speaking, a court may decline to exercise its discretion to bifurcate discovery, especially when bifurcating discovery would neither promote efficiency nor conserve resources." *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, No. 17-CV-22539, 2023 WL 9230350, at *1 (S.D. Fla. Sept. 25, 2023) (citations omitted); *Bruce Katz, M.D., P.C. v. Gokul Rx LLC,* 19-CV-2210, 2020 WL 210828, at *2 (M.D. Fla. Jan. 14, 2020) (denying bifurcation of discovery because of the (1) likelihood of overlap between individual and class discovery, (2) ensuing discovery motions, (3) prejudice to the nonmovant, (4) lack of evidence that the named plaintiff's claim lacks merit, and (5) interests of judicial economy)). "The court must weigh 'the harm produced by a delay in discovery' against 'the likely costs and burdens of proceeding with discovery.'" *Keegan*, 2023 WL 4546253, at *2 (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "Both concerns are important — while a defendant should not be forced to expend substantial resources answering discovery when the plaintiff's claims clearly lack merit, the delay and prolongation of discovery can also create case management and scheduling problems and unfairly hold up the prosecution of the case." *Id*. (citing *Chudasama*, 123 F.3d at 1368-69; *Feldman*, 176 F.R.D. at 652-53). "Ultimately, the proponent of the stay bears the burden of demonstrating its necessity, appropriateness, and reasonableness." *Id*. (citing *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).

"While it is not necessary for the Court to, in effect, decide the motion to dismiss to determine whether the motion to stay discovery should be granted, it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Randy Rosenberg*, 2019 WL 6052408, at *2 (quoting *Feldman*, 176 F.R.D. at 652) (internal quotations omitted); *McCabe*, 233 F.R.D. at 685 ("[a] request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will

dispose of the entire case.") (internal quotations omitted); *Keegan*, 2023 WL 4546253, at *2 (quoting *Feldman*, 176 F.R.D. at 652-53) ("To evaluate whether there is a strong likelihood that 'the [dismissal] motion will be granted and entirely eliminate the need for such discovery,' the district court must take a 'preliminary peek' at the merits of the motion.").

### III.   DISCUSSION

Although the arguments for judicial and litigation efficacy are well taken, Defendant failed to carry its burden of demonstrating that such a stay is necessary, appropriate, or reasonable. *See McCabe*, 233 F.R.D. at 685.  The Court finds that bifurcating discovery would neither promote efficiency nor conserve resources for the following reasons.

**A.  Preliminary Peek Standard**

As a preliminary matter, Defendant concedes that it is "unable to move for dismissal under Rule 12 because the Complaint withholds the critical facts that would establish Plaintiff's lack of standing and contractual bar to proceeding." *See* ECF No. [21] at ¶3.  Additionally, Defendant concedes that limited discovery is necessary to determine whether Plaintiff consented to be contacted and agreed to the KBB Consent Form that includes arbitration and class-waiver provisions. *See id*. at ¶5.  Defendant cannot say with certainty that this limited discovery will confirm the alleged facts or justify a motion for summary judgment; its argument rests entirely on speculation. *See id*. at ¶5. ("Defendant anticipates that discovery will confirm each of these facts, at which point Defendant will promptly move for summary judgment under Rule 56.")  Because Defendant has not filed a motion to dismiss for the Court to perform a "preliminary peek," the Court cannot say dismissal of the claims against Defendant is a foregone conclusion. *See Cabrera*, 331 F.R.D. at 187.

Using the Motion to Bifurcate as a means for a "preliminary peek," Defendant still fails to show that resolution of the KBB Form Consent issues will dispose of the entire case. *See Randy*

*Rosenberg*, 2019 WL 6052408, at *2; *Feldman*, 176 F.R.D. at 652; *McCabe*, 233 F.R.D. at 685. Defendant fails to meaningfully address Plaintiff's contention that any alleged prior consent obtained through the KBB Consent Form is irrelevant to the claims arising from Defendant's continued text messages following Plaintiff's explicit opt-out request. Plaintiff's claims are based on lack of initial consent, **and** Defendant's failure to honor a clear revocation of any consent. Defendant's Reply offers no argument or authority suggesting that the KBB Consent Form could override or nullify Plaintiff's right to withdraw consent, nor does it contend that such a withdrawal would be ineffective. This omission is significant and further underscores that the limited discovery Defendant seeks, focused solely on Plaintiff's initial consent, would not resolve the full scope of the claims at issue. Although some of Plaintiff's claims may ultimately end in dismissal (an issue that the Court does not now decide), that outcome is not apparent enough after a preliminary peek to warrant a stay of class discovery — an outcome that is considered the exception, rather than the rule.

### B.  The *Breines* Factors

Beyond the "preliminary peek" analysis, Plaintiff urges the Court to consider the eight factors as outlined in *Breines*. When determining whether to bifurcate discovery, *Breines* lists several factors courts have considered, including:

(1) the likelihood of overlap between individual and class discovery;

(2) the likelihood of ensuing discovery motions;

(3) the likelihood of prejudice to the nonmovant;

(4) whether there is evidence that the named plaintiff's claims lack merit;

(5) the timing of the bifurcation motion;

(6) whether the case can continue if the named plaintiff's claims are dismissed;

(7) the interests of judicial economy; and

(8) the Rule 23(c)(1)(A) requirement that class certification be decided at an "early practicable time."

*Breines*, 2019 WL 7423522, at *3. These factors also support denial of the bifurcation.

The first, second, third, fourth, sixth, and seventh *Breines* factors weigh against bifurcation, as they are all tied to the substantial factual overlap between individual and class discovery and the lack of a clearly dispositive threshold issue. First, the factual issues underlying Plaintiff's individual claims — *i.e.*, as the nature and scope of the alleged consent, the content and timing of the text messages, and Defendant's alleged failure to honor opt-out requests — are inextricably linked to the putative class claims, which are based on the same course of conduct. Because of this overlap, bifurcation would not meaningfully limit the scope of discovery and would instead invite discovery disputes and motion practice over what qualifies as "individual" versus "class" discovery. This, in turn, would prejudice Plaintiff by delaying case progression and increasing litigation costs.

Moreover, Defendant has not presented evidence showing that Plaintiff's claims are clearly without merit or that discovery into threshold issues would dispose of the case entirely. *See Keegan*, 2023 WL 4546253, at *2. Indeed, Defendant concedes that it lacks access to key contractual records and offers only speculation that limited discovery will support a summary judgment motion. This uncertainty further weakens its argument for bifurcation. And while dismissal of Plaintiff's claims could theoretically end the case, the speculative nature of Defendant's defenses does not justify staying class discovery, especially where the factual record remains undeveloped and unlikely to resolve all claims. Finally, delaying class discovery in these circumstances would not promote judicial economy, but rather would risk duplicative efforts, inefficiencies, and unnecessary perpetuation of the case.

The fifth factor regarding the timing of the bifurcation motion is neutral. While Defendant's

CASE NO. 25-CV-21112-BLOOM/Elfenbein

Motion is timely and made before any discovery has been exchanged, the early stage of the case weighs against bifurcation, where the record is insufficiently developed to evaluate the supposed efficiencies of phased discovery. The eighth factor, regarding the "early practicable time" requirement of Rule 23(c)(1)(A), weighs against bifurcation as staying class discovery would frustrate this directive by delaying the development of the factual record necessary to evaluate class certification.

For the reasons stated herein, the Court concludes that Defendant has not shown good cause for bifurcation or a stay of class discovery. The proposed phasing would likely delay the case, increase costs, and prejudice Plaintiff, contrary to the principles of fairness and efficiency that govern discovery in class actions. Defendant retains the ability to raise dispositive motions on arbitration or consent after a fuller factual record is developed under the normal discovery process.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Bifurcate Discovery and Stay Class Discovery, **ECF No. [21]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record